O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA ANNE BAKER, ) | Case No. EDCV 05-953-JTL |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION AND ORDER |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

**PROCEEDINGS**

On October 25, 2005, Barbara Anne Baker ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for disability insurance benefits. On December 1, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on May 18, 2006, defendant filed an Answer to Complaint. On September 12, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///
///

**BACKGROUND**

On May 20, 1991, plaintiff filed an application for supplemental security income benefits. (Administrative Record ["AR"] at 28-44). Plaintiff claimed that, beginning on September 1, 1990, "heart problems" prevented plaintiff from working. (AR at 41). On July 19, 1991, the Commissioner awarded plaintiff's application for benefits based on her congestive heart failure and cardiomyopathy. (AR at 45-47).

On July 14, 1997, the Social Security Administration ("SSA") informed plaintiff that her benefits would cease because it determined that plaintiff's heart condition had improved and that she was now able to work. (AR at 67-70). Plaintiff requested reconsideration of the cessation of her benefits. (AR at 71-73). The SSA denied plaintiff's request. (AR at 75-76). On May 29, 1999, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 279).

On May 26, 1999, the ALJ issued a decision denying benefits. (AR at 274-78). In his decision, the ALJ noted that plaintiff had resisted all attempts to attend the scheduled hearing and delayed the proceedings for nearly a year. (AR at 275). The ALJ further concluded that the medical record established medical improvement and that plaintiff retained the residual functional capacity to perform a full range of light work. (AR at 277). Thus, the ALJ determined that plaintiff's disability ceased as of February 1, 1998 and her entitlement to supplemental security income benefits ceased as of April of 1998. (Id.).

On May 27, 1998, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. (AR at 96). On

|    |    |
|---|---|
| 1  | March 28, 2002, the Appeals Council remanded the case to the ALJ |
| 2  | because it was unable to locate or redevelop the evidence upon which |
| 3  | the ALJ based his decision.  (AR at 508-09).  The Appeals Council |
| 4  | instructed the ALJ to provide plaintiff with a new hearing and an |
| 5  | opportunity to submit additional evidence.  (AR at 508). |
| 6  | On July 18, 2002, the ALJ conducted a hearing in Orange, |
| 7  | California.  (AR at 532-57).  Plaintiff appeared at the hearing and |
| 8  | testified.  (AR at 537-46).  Jocelyn Bailey, M.D., a medical expert, |
| 9  | also appeared and testified.  (AR at 546-55). |
| 10 | On or about December 11, 2002, the ALJ issued his decision |
| 11 | denying benefits.  (AR at 19-27).  In his decision, the ALJ concluded |
| 12 | that plaintiff suffered from a severe impairment of congestive heart |
| 13 | failure.  (AR at 26).  According to the ALJ, however, this impairment |
| 14 | did not meet or equal any of the criteria contained in the |
| 15 | Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart |
| 16 | P, Appendix 1.  (Id.).  The ALJ also found plaintiff's allegations |
| 17 | regarding her limitations to be not credible.  Id.).  The ALJ further |
| 18 | determined that plaintiff possessed the residual functional capacity |
| 19 | to perform a full range of light work.  (Id.).  Ultimately, the ALJ |
| 20 | found that plaintiff was not disabled pursuant to the Social Security |
| 21 | Act and ended plaintiff's eligibility for benefits on April 30, 1998. |
| 22 | (AR at 25). |
| 23 | On February 20, 2003, plaintiff filed a request with the Appeals |
| 24 | Council for review of the ALJ's decision.  (AR at 11).  On September |
| 25 | 14, 2005, the Appeals Council affirmed the ALJ's decision.  (AR at 5- |
| 26 | 7). |
| 27 | /// |
| 28 | /// |

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the parties' Joint Stipulation:

1. The ALJ failed to properly advise plaintiff of her right to counsel and plaintiff was prejudiced by the ALJ's failure to develop the record.

2. The ALJ failed to properly evaluate plaintiff's credibility.

3. The ALJ erred in finding medical improvement based on a lack of medical evidence.

4. The ALJ failed to properly assess plaintiff's mental impairment by failing to develop the record.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.    The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. Yuckert, 482 U.S. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits her physical or mental ability to do basic work activities. Id. at 140-41. Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. Id. at 141. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Id. If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work she has performed in the past. Id. If the claimant cannot perform her past work, the fifth and final step determines whether she is able to perform other work in the national economy in light of her age, education and work experience. Id. at 142. The claimant is entitled to disability benefits only if she is not able to perform such work. Id.

**B.    The ALJ's Finding of Medical Improvement**

Plaintiff contends that the ALJ erred in finding that her condition improved without first obtaining her most recent medical records from her treating physician. By failing to obtain plaintiff's

5

medical records from her treating physician, plaintiff contends that the ALJ failed in his duty to develop the record.

The SSA conducts "continuing disability reviews" to determine whether a period of disability has ended. 20 C.F.R. §§ 404.1588-1598; Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1460 (9th Cir. 1995). Disability benefits cease when the period of disability ends due to medical improvement and the individual is again able to do substantial work. 42 U.S.C. § 423(f). In the instant case, the ALJ determined that plaintiff's heart condition no longer met a listed impairment based on several grounds. (AR at 21-22). First, Jocelyn Bailey, M.D. a medical expert, testified at the hearing that plaintiff did not suffer from a listed impairment. (AR at 555, 22). Second, on June 24, 1997, Kristof Siciarz, M.D., performed a Cardiology Evaluation of plaintiff whereby he determined that plaintiff's condition was "essentially normal." (AR at 265). Finally, the ALJ relied on the benign computed tomography scans of plaintiff's neck, which he found to be consistent with Dr. Bailey's assessment. (AR at 503, 22). The ALJ also rejected the opinion of plaintiff's treating physician, Bijan Badihian, D.O., that plaintiff suffered from a heart condition and a cervical and lumbar spine sprain/strain, as well as his Physical Capacities Evaluation[1] of plaintiff's limitations, because the physician failed to provide clinical notes, radiology findings, or other documentation to support

---

[1] Dr. Badihian determined that plaintiff could (1) sit, stand, or walk for three hours in an eight-hour day; (2) lift up to five pounds occasionally; (3) carry up to five pounds occasionally; (4) never push or pull any arm controls or engage in fine manipulation; and (5) occasionally bend and reach, but never squat, crawl, or climb. (AR at 269).

6

his diagnoses and limitations. (AR at 22, 269). Based on this medical evidence, the ALJ concluded that plaintiff no longer suffered from a listed impairment and, accordingly, found that her condition had improved.

The Court notes that plaintiff lacked counsel at the July 18, 2002 hearing. The SSA, however, assigns an ALJ a duty to fully and fairly develop the record to assure that a claimant's interests are considered. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). The Ninth Circuit held that where a claimant is not represented by counsel, "it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and search for all the relevant facts." Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978) (internal quotation omitted); Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992). In such a situation, the ALJ "must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." See id. (internal quotation omitted).

Here, the ALJ failed to discharge his duty to scrupulously and conscientiously inquire into, and explore all the relevant facts. As such, the ALJ failed to fairly develop the record to assure that plaintiff's interests were considered. See DeLorme, 924 F.2d at 849. First, the Court finds that the records of plaintiff's treating physician are necessary in order to assess her medical improvement, especially since plaintiff testified that she sees Dr. Badihian every month. (AR at 554). In addition to the frequency of plaintiff's visits and his status as her treating physician, Dr. Badihian completed a residual functional capacity form which assessed serious limitations on plaintiff's ability to work. (AR at 269). Furthermore, Dr. Bailey, the medical expert, testified at the hearing

that while she found that plaintiff did not meet a listing, she needed Dr. Badihian's records in order to assess plaintiff's limitations. (AR at 555). In fact, Dr. Bailey testified that without Dr. Badihian's records, "it's just almost impossible to [assess plaintiff's limitations]." (Id.). Even the ALJ, himself, acknowledged the need for Dr. Badihian's records, indicating that he would procure them:

> ALJ: How would you assess limitations with the various problems?
>
> BAILEY: You know, without some more up-to-date information, it's just almost impossible to say.
>
> ALJ: Okay. Then I need to get the Badihian records and get those to you for –
>
> BAILEY: Yes.
>
> ALJ: – evaluation.
>
> BAILEY: Yes.
>
> ALJ: I will do that.

(AR at 555-56).

In his decision, the ALJ noted that Dr. Badihian declined to provide him with plaintiff's records or to follow up on his evaluation. (AR at 22). The ALJ, however, had the duty to develop the record by "mak[ing] every reasonable effort" to help the claimant gather her medical records. 20 C.F.R. § 416.912(d). Here, the ALJ fails to address the extent or reasonableness of the efforts that he undertook to obtain the medical records. The result, however, is that the ALJ failed to obtain the medical records that his own medical expert stated were necessary in rendering an assessment of plaintiff's limitations.

Given the fact that plaintiff was unrepresented, the ALJ had the duty to scrupulously and conscientiously inquire into, and explore all the relevant facts surrounding the source of Dr. Badihian's assessment of plaintiff's limitations. In this case, he did not. Moreover, the fact that plaintiff's present counsel did not obtain the records did not relieve the ALJ of his duty to develop the record. Even when a claimant is represented by counsel, an ALJ must still fulfill his duty to develop the record. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). As such, the ALJ erred by finding medical improvement without first obtaining Dr. Badihian's treating records in accordance with his duty to develop the record.

**C.    Remand Is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

In this case, the Court finds remand appropriate. On remand, the ALJ must develop the record with respect to whether plaintiff experienced medical improvement by obtaining the records of plaintiff's treating physician, Dr. Badihian.[2]

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: November   30, 2006

                                                 /s/
                                      JENNIFER T. LUM
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] In the Joint Stipulation, plaintiff also contends that the ALJ failed to properly advise plaintiff of her right to counsel, properly evaluate plaintiff's credibility, and properly assess the plaintiff's mental impairment. As explained above, however, the ALJ's error in finding that plaintiff's condition improved without first obtaining her most recent medical records from her treating physician constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.